IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KERRY CUMMINGS,**

    Petitioner,

vs.                                        Case No. 4:11cv195-MP/CAS

**KENNETH S. TUCKER,**

    Respondent.[1]

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On May 2, 2011, Petitioner Kerry Cummings, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the United States District Court for the Southern District of Florida. Doc. 1. Petitioner challenges a conviction and sentence imposed by the Second Judicial Circuit Court, Taylor County, on July 11, 2006, following a jury trial and conviction on three counts. *Id.*; *see* Doc. 15 Ex. A.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition is

---

[1] Kenneth S. Tucker succeeded Edwin G. Buss as Secretary of the Department of Corrections and is automatically substituted as the Respondent. *See* Fed. R. Civ. P. 25(d).

untimely and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

On August 1, 2011, this Court directed Respondent to file an answer, motion, or other response to the amended petition.  Doc. 4.  On January 31, 2012, Respondent filed a motion to dismiss the petition as untimely, with attached exhibits.  Doc. 15.  Although given time to file a reply, Petitioner has not done so.  *See* Doc. 17.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition challenging a state court judgment.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A); *see* Clay v. United States, 537 U.S. 522, 527 (2003) (explaining that "[f]inality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with

due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).  The period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* § 2244(d)(2).[2]

In this case, Petitioner's conviction was affirmed on direct appeal on August 24, 2007.  Cummings v. State, 963 So. 2d 230 (Fla. 1st DCA 2007); Doc. 15 Ex. D; online docket for case number 1D06-4128 at www.1dca.org.  Petitioner did not appeal this decision and the mandate issued September 12, 2007.  Doc. 15 Ex. E; *see* online docket for case number 1D06-4128 at www.1dca.org.  Petitioner's judgment therefore became final for AEDPA purposes on November 22, 2007, when the ninety-day time period for seeking certiorari review in his direct appeal expired.  *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.

Over a year later, on December 8, 2008, Petitioner filed a post-conviction motion in state court, a Rule 3.800(a) motion to correct illegal sentence.  *See* Doc. 15 Exs. F, M.  At this point, the AEDPA one-year limitations period had expired, and the state post-conviction motion did not toll the time to file his federal habeas petition.  *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d

---

[2] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

## Conclusion

Because the § 2254 petition is untimely, Respondent's motion to dismiss should be granted. The § 2254 petition should be summarily dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[3] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App.

---

[3] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Case No. 4:11cv195-MP/CAS

P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 15) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) filed by Kerry Cummings be **SUMMARILY DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 7, 2012.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**